STATE of Utah, Plaintiff and
Respondent,

v.

Brian Todd ERICKSON, Defendant
and Appellant.

No. 20280.

Supreme Court of Utah.

Dec. 31, 1987.

J. William Ebert, Las Vegas, Nev., for defendant and appellant.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Defendant appeals from a jury conviction of sexual abuse of a child, a second degree felony, in violation of Utah Code Ann. § 76–5–404.1 (1978). His primary contention is that he was denied a fair trial because a witness for the State had a conversation with a juror during a recess of the trial.

At the *voir dire* examination of the jury panel, a prospective juror, Ralph Biesinger, in response to a question asked the panel by the court, disclosed that he was acquainted with Diana Stevens, a detective in the Bountiful City Police Department. Stevens had interviewed the victim, and the State intended to call her as a key witness. Mr. Biesinger stated that he and Stevens had lived in the same neighborhood approximately thirty years ago and that she at one time rented a duplex from his father. He assured the court that his acquaintance with her would not affect his ability to be a fair and impartial juror. He was eventually seated as a member of the panel.

When the court reconvened from its noon recess, counsel for defendant complained to the court that Biesinger and Stevens had engaged in conversation during the recess. Biesinger was questioned and disclosed that as he was sitting in the hall outside the courtroom, Stevens came along and the two of them conversed. He asked her if her mother and father were still alive. She said that she had talked to Biesinger's sister, to whom she was a close friend, and had learned of the death of Biesinger's mother. The conversation lasted four or five minutes. Biesinger indicated that they did not talk at all about the case. Defendant's counsel made a motion for a mistrial, but the motion was denied.

Following the trial, at which defendant was convicted, a hearing was held on motions filed by defendant's counsel for arrest of judgment or, in the alternative, for a new trial. At that hearing, Stevens testified that in the conversation with Biesinger on the day of the trial, they talked about their families. She did not recall that Biesinger had inquired about her work. Biesinger also testified that they had discussed their families and that he had asked her whether she enjoyed her job. He stated that she said, "Yes, it's quite interesting." Also testifying at the hearing was defendant's aunt. She stated that she was in the hall and overheard part of the conversation. She remembered hearing Biesinger ask Stevens how she liked her job. One of them in their conversation used the word "frustrating," but she was not sure whether it was used by Biesinger or Stevens. Biesinger denied that he had asked her if

she found her work frustrating. Stevens could not recall that any such question was asked her. The court denied defendant's motions.

In *State v. Pike*, 712 P.2d 277 (Utah 1985), we reviewed our cases dealing with contact during trial between witnesses and jurors. The reader is referred to that opinion for a discussion of the cases and an analysis of the problem. We reiterated there that prejudice will be presumed from any contact between witnesses, attorneys, or court personnel and jurors that goes beyond a mere incidental, unintended contact. In that case, we reversed the conviction of the defendant and remanded the case for a new trial, holding that the denial by the juror that he had been influenced by the encounter was not enough to overcome the presumption of prejudice. That same result is mandated in the instant case, where it is undisputed that a four- or five-minute conversation took place between a juror and a key witness for the State in which personal matters such as family members and the witness's job were discussed. The conversation was more than a brief, incidental contact where only remarks of civility were exchanged.

Other issues have been raised by defendant, but since they are not likely to surface on retrial, we do not discuss or rule on them.

The conviction of defendant is reversed, and the case is remanded to the trial court for a new trial.

HALL, C.J., STEWART, Associate C.J., and DURHAM and ZIMMERMAN, JJ., concur.