**LOGAN CITY, Plaintiff and Appellee,**

v.

**David Craig CARLSEN, Defendant and Appellant.**

**No. 890742–CA.**

Court of Appeals of Utah.

Oct. 4, 1990.

The question was asked of me by one of the jurors what is the difference between circuit and district court, and I pointed out that the one is a misdemeanor and one is a felony. I said that the maximum sentence that can be handed down by a circuit court is up to a year in jail, whereas the minimum sentence in a district court, you know, barring suspension of sentence, is a year in prison. I was just making that illustration as to the difference between district and circuit court.... There was no reference whatsoever, believe me, to this trial.... It was simply an illustration of what is the difference between circuit and district court.

Defendant moved for a mistrial because the possible sentence had now been disclosed to the jury. The court found that the bailiff's discussion with the jury, though improper, was harmless error, and denied the motion for mistrial.

David Craig Carlsen, Logan, pro se.

W. Scott Barrett, Logan, for plaintiff and appellee.

Before BENCH, GARFF and ORME, JJ.

## OPINION

GARFF, Judge:

Defendant appeals a jury verdict finding him guilty of driving under the influence of alcohol, driving a vehicle without a Utah registration, and failing to wear a seat belt.

Although defendant raises a number of issues on appeal, we concern ourselves with the threshold issue of whether the trial court erred in denying defendant's motion for a mistrial because of an unauthorized conversation between the bailiff and the jury during a recess.

Defendant stated that during a recess he overheard the bailiff discussing sentencing and jurisdiction with the jury. The bailiff was then questioned by the court as to the nature of his discussion, to which he replied:

### Standard of Review

A trial court's denial of a motion for new trial, which is in effect a mistrial motion, will not be overturned on appeal absent an abuse of discretion. *State v. Williams*, 712 P.2d 220, 222 (Utah 1985). We presume the trial court exercised proper discretion unless the record clearly shows the contrary. *Goddard v. Hickman*, 685 P.2d 530, 534–35 (Utah 1984); *accord Hancock v. Planned Dev. Corp.*, 791 P.2d 183, 184–85 (Utah 1990).

### Jury Misconduct

"The right to trial by a fair and impartial jury is an important one which should be scrupulously safeguarded." *State v. Durand*, 569 P.2d 1107, 1109 (Utah 1977); Art. I, Sec. 12, Utah Const. In *State v. Pike*, 712 P.2d 277 (Utah 1985), the Utah Supreme Court reviewed Utah law regarding juror contact with parties and court personnel and stated the rule as follows:

a rebuttable presumption of prejudice arises from any unauthorized contact during a trial between witnesses, attorneys or court personnel and jurors which

goes beyond a mere incidental, unintended, and brief contact.... [W]hen the contact is more than incidental, the burden is on the prosecution to prove that the unauthorized contact did not influence the juror.

*Id.* at 280.

The *Pike* court gives two bases for its rule. First, the fact that it is nearly impossible to prove a taint: "[I]mproper contacts may influence a juror in ways he or she may not even be able to recognize." *State v. Anderson,* 65 Utah 415, 237 P. 941, 943 (1925). The second basis involves the avoidance of the appearance of impropriety. *Durand,* 569 P.2d at 1109; *Glazier v. Cram,* 71 Utah 465, 267 P. 188, 190 (1928).

■ Of course, incidental or inconsequential contacts will not give rise to this rule. *Pike,* 712 P.2d at 280; *Durand,* 569 P.2d at 1109 (where jurors went to sheriff's office for coffee and engaged in casual conversation with officers who were witnesses for the state, court held conversation inconsequential because it was not connected to trial). *See also State v. Jonas,* 793 P.2d 902 (Utah Ct.App.1990); *petition for cert. filed,* 141 Utah Adv.Rep. 29 (1990) (bailiff's announcement regarding juror's dismissal was incidental and raised no presumption of prejudice).

■ Here, the bailiff explained to the jury the difference between circuit and district court jurisdiction, and the sentences for misdemeanors and felonies. Even though the bailiff's comments did not specifically relate to the instant case, they nevertheless went far beyond a brief, incidental contact. More importantly, those comments touched on the extremely sensitive issue of sentencing.

At trial, Logan City argued that such a discussion could actually have benefitted the defendant:

[Prosecutor]: If anything, the prejudice is not going to be against the defendant, the prejudice is going to be against the city, in that the jurors may think, that, hey, we don't want to have the responsibility of somebody having to go to jail on their shoulders, and therefore may not render a verdict of guilty because of that fear. If any prejudice occurred, it has occurred to the city and not to the defendant; in fact, I think it's probably beneficial to the defendant.

The prosecutor's comments point out how a seemingly innocent response by the bailiff to a juror's question opens a Pandora's box of possibilities of improper juror influence and the appearance of impropriety. Accordingly, if those comments benefitted either the defendant or the City, then such comments constitute reversible error. The logic of the rule in *Pike* and *State v. Erickson,* 749 P.2d 620 (Utah 1987), prohibiting anything other than a brief, incidental, unintended contact, becomes apparent in this case. If that rule had been followed, conjecture as to possible prejudice could have been avoided.

The City attempts to support its contention that no prejudice occurred because the incident involved a bailiff rather than a witness for the state, as was the case in *Erickson* and *Pike.* However, the supreme court made no such distinction and precluded any unauthorized contact by witnesses, attorneys, or court personnel. *Erickson,* 749 P.2d at 621.

■ One further problem also justifies a reversal. In *Pike,* the supreme court ruled that any improper contact between witnesses, attorneys or court personnel and jurors raises a rebuttable presumption of prejudice because of the "inherent difficulty in proving how or whether a juror has in fact been influenced ... [and] the deleterious effect upon the judicial process because of the appearance of impropriety." 712 P.2d at 280. The burden then rests on the prosecution to prove that such contact did not influence the jury. *State v. Jonas,* 793 P.2d 902 (Utah Ct.App.1990); *State v. Larocco,* 742 P.2d 89 (Utah Ct.App.1987), *rev'd on other grounds,* 794 P.2d 460 (Utah 1990).

■ Here, the only evidence to show absence of improper influence was the bailiff's unsworn testimony. The City produced no evidence to show what effect those comments had on the jury. No juror testified as to whether he or she was influenced

by the remarks. In each of the following cited cases, the involved jurors were required to testify about the extent of influence caused by the improper contact. *Larocco*, 742 P.2d 89 (Conversation between juror and witness. Juror testified the conversation had produced no bias. The court held that the trial court had reasonably determined the State had shown no prejudice.); *Erickson*, 749 P.2d 620 (Witness and juror had a conversation. Both testified as to that conversation.); *Durand*, 569 P.2d 1107 (three jurors had coffee in the sheriff's office where three witnesses, who were also police officers, were present. Testimony was elicited from all of those involved. However, after the trial court "manifested considerable care and concern as to whether there was any prejudice," it determined there was no prejudice and the supreme court agreed.); *Anderson*, 237 P. 941 (juror rode back and forth to the trial with a witness. Both of them submitted affidavits as to their conversation. The supreme court reversed the conviction based on jury prejudice.) However, in *Pike*, the only evidence appearing on the record was an incomplete account of a conversation between a prosecution witness and three jurors. The court found that the conversation amounted to more than a brief, incidental contact and was sufficient to warrant a presumption of prejudice. It went on to conclude that "even if the jurors had denied that they were influenced by the encounter ... that is not enough to rebut the presumption of prejudice." 712 P.2d at 281. Thus, although it is not required that jurors testify as to whether they were prejudiced by the improper contact, in most instances it would be helpful to the court in making that determination.

We find it particularly troublesome that the unauthorized conversation between the bailiff and the jury concerned the sensitive subject of sentencing. The jurors' minds should be free of extraneous thoughts as to possible sentences because such thoughts would tend to interfere with their concentration on defendant's guilt or innocence. Any discussion or thought of an appropriate sentence should come only after a determination of guilt.

We conclude that the City failed to meet its burden to rebut the presumption of prejudice. The bailiff's testimony, standing alone, was not sufficient to show that the jury had not in fact been influenced by the conversation. Nor did the bailiff's testimony remove the taint of impropriety caused by his earlier conversation. We find there was insufficient evidence to permit a careful, reasoned decision and therefore the court abused its discretion in concluding that the jury was not prejudiced by the improper contact.

Because this issue is dispositive of the case, we do not reach the other issues raised by defendant. Accordingly, the conviction is reversed and the matter remanded for a new trial.

BENCH, J., concurs in the result.

ORME, Judge (concurring):

I concur in the court's opinion. I write separately only to highlight how rigorous the law in Utah clearly now is on the question of contact with jurors in criminal cases, notwithstanding that I recently suggested otherwise. *See State v. Larocco*, 742 P.2d 89, 97–98 (Utah Ct.App.1987) (Orme, J., concurring). My view was effectively rejected in *State v. Erickson*, 749 P.2d 620 (Utah 1987), a decision which I also believe calls into serious question the continued precedential vitality of *State v. Durand*, 569 P.2d 1107 (Utah 1977).

As *Erickson* makes clear, any contact "more than a brief, incidental contact where only remarks of civility [are] exchanged," 749 P.2d at 621, gives rise to a presumption of prejudice, and therefore to an order of reversal, which cannot be overcome even with testimony by the "tainted" juror that he or she was not "influenced by the encounter." *Id.* Whether the juror contact is by "witnesses, attorneys, or court personnel" is irrelevant. *Id.* The "scope and subject matter of the conversations," so long as more than mere pleasantries, and, in the case of witnesses, the relative importance of the witness to the prosecution, are also irrelevant. *Compare*

*Larocco,* 742 P.2d at 97–98 (Orme, J. concurring) *with Erickson,* 749 P.2d 620.

The utmost care is required on the part of trial judges to ensure that contacts with jurors do not occur. To do otherwise is to risk reversal and a duplicative new trial.