**STATE of Utah, Plaintiff and Appellee,**

v.

**Caesar SWAIN, Defendant and Appellant.**

**No. 910068–CA.**

Court of Appeals of Utah.

Aug. 5, 1992.

Ronald W. Perkins and Stephen W. Farr, Ogden, for defendant and appellant.

R. Paul Van Dam, David Thompson, and Kenneth A. Bronston, Salt Lake City, for plaintiff and appellee.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant Caesar Swain appeals his conviction of theft. We reverse and remand for a new trial.

## I. FACTS

Defendant's conviction arises from the burglary of Karl and Lois Macfarlane's home on February 2, 1990. Defendant was charged with burglary and theft, both second degree felonies.

The matter was tried before a jury. After the court impaneled the jury, it took a short recess. During the recess, one of the jurors, Mrs. Chase, engaged in a conversation with Mrs. Macfarlane. Defense counsel noticed the conversation and brought it to the attention of the bailiff, who separated Mrs. Macfarlane and Mrs. Chase and advised them against further contact. The bailiff then reported the contact to the court. When the court reconvened, the judge briefly questioned Mrs. Chase about the contact and the nature of her acquaintance with Mrs. Macfarlane. Mrs. Chase indicated that she had known Mrs. Macfarlane in high school but did not know her married name, and that her judgment would not be prejudiced by her acquaintance with Mrs. Macfarlane.[1] Defendant's counsel objected to the juror contact and moved for a mistrial. The judge denied defendant's motion for a mistrial but indicated that he would allow the defendant to make a record of his objection at the conclusion of the evidence.

Mrs. Macfarlane was the State's first witness and testified that when she entered her house she heard voices and immediately called the police. She also testified as to the items that were missing from her home. After the jury went into deliberations, the defendant objected to the fact that when exercising his peremptory challenges he was unaware that Mrs. Chase and Mrs. Macfarlane had known each other in high school. Defendant claimed that had he known of this acquaintance he would have used one of his peremptory challenges to exclude Mrs. Chase from the jury.

The jury found defendant guilty of theft, but not guilty of burglary. This appeal followed.

## II. ANALYSIS

 Defendant raises several issues on appeal. However, we address only his argument involving juror prejudice since that issue is dispositive. Defendant argues that the trial court erred in denying his motion for a mistrial based upon the acquaintance and improper contact between Mrs. Chase and Mrs. Macfarlane. We will not overturn the trial court's decision to grant or deny a motion for a mistrial absent an abuse of discretion. *State v. Speer*, 750 P.2d 186, 190 (Utah 1988).

 The State claims that defendant's objection at trial dealt only with his inability to use a peremptory challenge to exclude Mrs. Chase from the jury. The State therefore argues that defendant did not adequately preserve for appeal his argument of juror prejudice under *State v. Pike*, 712 P.2d 277 (Utah 1985). We con-

---

**1.** During voir dire, Mr. and Mrs. Macfarlane were mentioned by name but not pointed out to the jury. It appears that since the Macfarlanes were not pointed out during voir dire, Mrs. Chase was not aware of Mrs. Macfarlane's connection to the trial at the time of their conversation.

clude, however, that defendant's objection at trial, while perhaps unartful, was sufficient to put the trial court on notice that he was objecting to potential juror prejudice arising out of the contact and prior acquaintance between Mrs. Chase and Mrs. Macfarlane.

In *Pike*, the supreme court concluded that any contact between a juror and witness, party, or court personnel that is more than a brief and incidental contact warrants the attachment of a rebuttable presumption of prejudice because it has the effect of "breeding a sense of familiarity that could clearly affect the juror's judgment as to credibility." *Pike*, 712 P.2d at 281. Once this presumption of prejudice is raised, "the burden is on the prosecution to prove that the unauthorized contact did not influence the juror." *Id.* at 280. Similarly, in *State v. Erickson*, 749 P.2d 620 (Utah 1987), the supreme court stated that the presumption of prejudice attached to any contact that "was more than a brief, incidental contact where only remarks of civility were exchanged." *Id.* at 621.

*Pike* identified two reasons for the existence of the rebuttable presumption. First, it is difficult, if not impossible, to prove how an improper contact may have influenced a juror. The court reasoned that "prejudice may well exist even though it is not provable and even though a person who has been tainted may not, himself, be able to recognize that fact." *Pike*, 712 P.2d at 280. Because of the possible subconscious effect on the juror, the court stated that even a denial by a juror that he or she was affected by the contact is not sufficient to overcome the presumption of prejudice. *Id.* at 281. The second reason for the presumption is that an improper juror contact creates an appearance of collusion or impropriety in the proceedings from which the judicial process may suffer in the eyes of the public. If improper juror contact is not prevented, a doubt may exist in the mind of the losing party, and the public as

a whole, as to whether the defendant was given a fair trial. *Id.* at 280.

In this case, Mrs. Chase approached Mrs. Macfarlane and engaged her in a conversation that was clearly beyond the mere exchange of civility and included a discussion of an upcoming high school reunion. Thus, we conclude that this conversation had the effect of "breeding a sense of familiarity" that could affect Mrs. Chase's judgment. The presumption of prejudice therefore attached. The record indicates that the trial judge questioned Mrs. Chase about the contact and that she indicated that her judgment would not be impaired by the discussion. The mere denial of prejudice by the tainted juror is, however, insufficient to overcome the presumption of prejudice. The presumption of prejudice was therefore not adequately rebutted.

The conversation between Mrs. Chase and Mrs. Macfarlane also likely created an appearance of collusion or impropriety in the minds of defendant, other participants, and observers of the trial. Thus, defendant and others are left to question whether, in view of the contact, defendant received a fair trial. The trial judge's cursory questioning of Mrs. Chase did not adequately eliminate such doubts.

## III. CONCLUSION

We conclude that the trial court abused its discretion in denying defendant's motion for a mistrial. We therefore reverse defendant's conviction and remand for a new trial.

BILLINGS and GREENWOOD, JJ., concur.