2000 Utah Ct. App. 190

**STATE of Utah, Plaintiff and Appellee,**

v.

**Verl SIMMONS, Defendant and Appellant.**

**No. 981326–CA.**

Court of Appeals of Utah.

June 22, 2000.

---

Geoffrey L. Clark, Ogden, for Appellant.

Jan Graham, Atty. Gen., and Scott Keith Wilson, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., BILLINGS, and ORME, JJ.

## OPINION

BILLINGS, Judge:

¶1 Defendant Verl Simmons appeals his conviction for rape of a child, sodomy on a child, and sexual abuse of a child, arguing that he received ineffective assistance of counsel. Defendant also appeals his sentence arguing the trial court abused its discretion in sentencing him to the maximum sentence allowed. We affirm.

## FACTS

¶2 Defendant raped and sodomized his thirteen-year-old victim numerous times over a thirteen month period. The victim was a friend of Defendant's daughter. On October 4, 1995, Defendant was charged with rape of a child, sodomy on a child, and sexual abuse of a child. A jury found Defendant guilty of all three charges. The court sentenced Defendant to consecutive terms of fifteen years to life for rape of a child and sodomy on a child, and to a concurrent term of one to fifteen years for sexual abuse of a child.

¶3 Defendant argues on appeal that he received ineffective assistance of trial counsel and that the trial court abused its discretion in sentencing. This court previously remanded this appeal under Rule 23B, Utah Rules of Appellate Procedure, for an evidentiary hearing on Defendant's ineffective assistance claim.

## ANALYSIS

### I. Ineffective Assistance of Counsel

¶4 To establish ineffective assistance of counsel, Defendant "must show that his counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment and that counsel's deficient performance prejudiced him." *State v. Maestas,* 1999 UT 32, ¶20, 984 P.2d 376 (citations and internal quotations omitted). To prevail, Defendant "must 'identify specific acts or omissions that fell outside the wide range of professional assistance and illustrate that, absent those acts or omissions, there is a "reasonable probability"' of a more favorable result.'" *Id.* (citations omitted).

### A. Improper Juror Contact

¶5 Defendant argues his trial counsel was ineffective for failing to bring improper juror contact to the court's attention. Following its Rule 23B evidentiary hearing, the trial court entered findings that: the juror had no improper contact with anyone during the trial; Defendant did not establish that his trial counsel was informed of the alleged improper contact; and both the juror and Defendant's trial counsel would have reported any improper contact they were aware of to the trial court.

¶ 6 Because Defendant has not provided this Court with a transcript from the Rule 23B hearing,[1] "we 'presume the trial court's findings are supported by competent and sufficient evidence.'" *State v. Byrns,* 911 P.2d 981, 987–88 (Utah Ct.App.1995) (quoting *Sampson v. Richins,* 770 P.2d 998, 1002 (Utah Ct.App.1989)). "'Therefore, our review is strictly limited to whether the trial court's findings of fact support its conclusions of law and judgment.'" *Id.* (quoting *Sampson,* 770 P.2d at 1002).

¶ 7 Although a presumption of juror prejudice attaches from improper juror contact, no such presumption attaches from contact that is not improper.[2] *See State v. Swain,* 835 P.2d 1009, 1011 (Utah Ct.App. 1992). Because the court found that no improper contact occurred, no presumption of prejudice attached, and a motion to excuse the juror based on the alleged improper contact would have been futile. Therefore, Defendant's trial counsel was not ineffective for failure to report improper jury contact to the court. *See State v. Whittle,* 1999 UT 96, ¶ 34, 989 P.2d 52 ("'"The failure of counsel to make motions or objections which would be futile if raised does not constitute ineffective assistance."'" (quoting *Codianna v. Morris,* 660 P.2d 1101, 1109 (Utah 1983) (quoting *State v. Malmrose,* 649 P.2d 56, 58 (Utah 1982)))).

## B.   Plea Offer

¶ 8 Defendant argues his trial counsel was ineffective for failing to relay a plea offer by the State. Defendant argues that defense counsel must "'consult with the defendant on important decisions[,] and keep the defendant informed of important developments in the course of the prosecution.'" *State v. Classon,* 935 P.2d 524, 533 (Utah Ct.App. 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984)).

¶ 9 On remand, the court found that potential plea discussions occurred between Defendant's counsel and the State prior to Defendant's preliminary hearing. However, the court found no formal plea bargain was offered as a result of those discussions. Although the trial court could not determine whether Defendant's counsel had discussed those conversations with Defendant, the court found that Defendant was not interested in a plea bargain at the time but instead maintained his innocence. The court further found Defendant's counsel again discussed the possibility of a plea bargain with Defendant prior to trial, but Defendant had no interest in a plea bargain and continued to maintain his innocence.

¶ 10 The trial court found that Defendant failed to meet his burden of showing his attorney did not relay a plea offer, and Defendant does not attack the trial court's findings of fact. Moreover, Defendant has failed to show that he was prejudiced by his trial counsel's alleged failure to communicate. We therefore affirm the court's conclusion that Defendant's trial counsel was not ineffective for failure to communicate a plea bargain offer.

## C.   Removal of Juror for Cause

¶ 11 Defendant next argues he received ineffective assistance of counsel because his trial counsel did not challenge a prospective juror for cause after voir dire raised an inference that she was biased.

¶ 12 Although a claim of ineffective assistance of trial counsel premised on failure to challenge a juror for cause can succeed only if the juror was biased as a matter of law, *see State v. Olsen,* 860 P.2d 332, 335 (Utah 1993), Defendant does not prevail by merely showing bias. Rather, Defendant must show that "'counsel's actions could not conceivably constitute legitimate trial tactics.'" *State v. Cosey,* 873 P.2d 1177, 1180

---

1. Rule 11(e)(2) of the Utah Rules of Appellate Procedure provides: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion."

2. If contact between a juror and a witness, a party, or court personnel is more than "brief and incidental," a presumption of juror bias attaches. *State v. Swain,* 835 P.2d 1009, 1011 (Utah Ct. App.1992). However, no such presumption arises from a brief exchange of civilities. *See id.*

(Utah Ct.App.1994) (quoting *State v. Tennyson*, 850 P.2d 461, 469 (Utah Ct.App.1993) (distinguishing standard applicable to whether trial court erred by failing to dismiss juror for cause from that applicable to whether trial counsel was ineffective for failing to challenge juror for cause)).

¶ 13 During voir dire, the prospective juror in question indicated that she was familiar with a situation involving a molestation or rape.[3]  In chambers, the juror disclosed that two of her sisters were molested by a neighbor when they were children and that she had been raped when she was fifteen.  The following colloquy, in part, ensued in chambers:

The Court: Would [those events] affect your ability to be fair and impartial in this case?

Juror: I don't think so—well, I have talked to my fiancé about this because I also know someone who is accused of—well, someone who accused someone of raping them and it wasn't true. And that, I mean, I think I kind of see it from both ways now more than other people. I might understand it more. Cause, I think, to accuse somebody of that, because it was such a hard thing to deal with and to accuse somebody of that when it didn't happen, you know, I just, I can see both, how everybody kind of feels in a situation cause it's—

The Court: You think that might give you some particularly good insight into a case?

Juror: Well, I kinda think so, just because I think I would know—I mean, I just know what's going on more than some people did and I know it, to listen to it, and I think I'd pay more attention. And it's more relevant to me because I've had so many different experiences with it.

\* \* \* \*

The Court: Are there any issues that you are presently dealing with that is as a result of that that would tend to affect your ability to look at the evidence impassionately and impartially in this case?

Juror: I don't think so. Cause it was, I don't know, it was just different.

\* \* \* \*

Mr. Cope: Your honor, I'd like to ask a few questions about this other situation that you know about where someone was falsely accused. How recent is that?

Juror: Very recent.

Mr. Cope: Are the people involved—could you identify the parties? I mean, not by name or anything like that, but are they like your brother and sister and neighbor or what?

Juror: Well, the person, this is just, this is like a big family thing. Right now the person that accused somebody else is my sister so it really pisses me off because I just think, don't mess with that, you know. So I'm very involved. It's kind of something that is going on right now and we know that she's not telling the truth.

\* \* \* \*

Mr. Cope: If you start to see parallels between your sister's situation and the evidence that is presented will you be able to put aside all those similarities and judge it just by what the evidence is that comes in this courtroom?

Juror: I think so because—

Mr. Cope: And not say oh, this is exactly like my sister, I know what is going to happen next?

Juror: I think so. Also because I have also been on the other end of it, and I also teach kids, so I work with them, you know. And I know, I mean, sometimes they're telling the truth and sometimes they're not, and if you don't look at the evidence then you are going to look stupid because half the time what you think is really happening, you know, if you don't pay attention to what else is going on that's not the case. So I mean, I work with kids all the time and every day.

¶ 14 Defendant argues that the foregoing colloquy establishes that the juror was biased and his counsel was ineffective in not moving to strike the juror for cause.  A statement by a juror that she was a victim of a similar crime is generally sufficient to raise a question of impartiality requiring the court's further inquiry.  *See State v. Woolley*, 810 P.2d 440, 444 (Utah Ct.App.1991).  However, in this case, the trial judge made extensive further inquiry which resulted in the juror stating she could view the evidence impartially.

3.  When a prospective juror's comments during voir dire raise a question as to the juror's impartiality, the trial judge must undertake further inquiry to assess the juror's impartiality.  *See State v. Boyatt*, 854 P.2d 550, 553 (Utah Ct.App. 1993).

¶ 15 Further, we are not convinced by Defendant's bald statement that "Defense counsel's choice to allow [the juror] to sit on the jury cannot be considered sound trial tactic." Although the juror was a rape victim, she stated that the circumstances of that crime were different than the circumstances of the case at trial. Additionally, the juror stated that her experience with her sister falsely accusing another person of rape would help her to view the evidence impartially. We cannot say that there was no reasonable basis for trial counsel's decision not to challenge the juror for cause in light of the juror's experience with false accusations of rape; trial counsel may well have believed that her experience would render her more sympathetic to Defendant's case. *See, e.g., State v. Maestas,* 1999 UT 32, ¶ 20, 984 P.2d 376 ("[I]n reviewing counsel's performance, we give trial counsel wide latitude in making tactical decisions and [do] not question those tactical decisions unless there is no reasonable basis supporting them.").

¶ 16 Moreover, we note that Defendant's trial counsel did succeed in challenging another juror for cause who, like the juror in question, had been raped. That Defendant's trial counsel successfully challenged this juror for cause shows that counsel understood how to do so when, in his judgment, the circumstances warranted. *See State v. Villarreal,* 857 P.2d 949, 955 (Utah Ct.App. 1993); *Tennyson,* 850 P.2d at 468–69. We can also infer from trial counsel's different treatment of these two prospective jurors that "trial counsel discerned some qualitative difference between [the] juror[ ] he challenged for cause and those he did not." *Villarreal,* 857 P.2d at 955; *see also Tennyson,* 850 P.2d at 468 ("[W]e need not come to a conclusion that counsel, in fact, had a specific strategy in mind. Instead, we need only articulate some plausible strategic explanation for counsel's behavior." (citations omitted)).

¶ 17 We therefore conclude that trial counsel was not ineffective for his failure to challenge the juror for cause.

## II. Sentencing

■■ ¶ 18 Defendant argues that the trial court abused its discretion in sentencing by relying on aggravating factors not supported by the record.

■■■ ¶ 19 The two first degree felonies for which Defendant was convicted provide for indeterminate prison terms of five, ten, or fifteen years to life. *See* Utah Code Ann. § 76-5-402.1(2) (1995); *Id.* § 76-5-403.1. The trial court was required to impose the middle term of ten years unless it found either mitigating or aggravating circumstances. *See id.* § 76-3-201(6)(a) (1999).[4] To impose the greater or lesser mandatory minimum sentence, the trial court must " '(1) identify the mitigating and aggravating circumstances and (2) state the reasons for whichever minimum mandatory sentence is imposed.' " *State v. Gentlewind,* 844 P.2d 372, 377 (Utah Ct.App.1992) (citation omitted). The trial court's discretion in sentencing is not subject to "mathematical formula;" rather, "[t]he overriding consideration is that the sentence be just." *Id.*

¶ 20 The trial court found only one mitigating factor: Defendant's lack of prior convictions for similar offenses. As aggravating factors, the court found that: there had been multiple incidents of both rape and sodomy; Defendant made death threats to the victim to prevent her from reporting Defendant's acts; Defendant committed perjury during the trial by denying his actions; Defendant knew that the victim was vulnerable due to past abuse; and Defendant was in a relationship of trust with the victim because he was father to the victim's best friend, he was entrusted to take care of the victim when she stayed in Defendant's home, and he told the victim's mother that he could be trusted as a former police officer.

¶ 21 Defendant attacks the trial court's findings that he was in a position of nonfamiliar trust and that he knew his victim was especially vulnerable, claiming that he knew

4. Section 76-3-201(6)(a) provides:
If a statute under which the defendant was convicted mandates that one of three stated minimum terms shall be imposed, the court shall order imposition of the term of middle severity unless there are circumstances in aggravation or mitigation of the crime.

**1234**

that his victim had suffered prior abuse, but that he did not know that the abuse had been sexual. However, Defendant attacks only these two aggravating factors. Even if we were to conclude that the evidence does not support these two aggravating factors, the three remaining aggravating factors, which Defendant does not attack, are certainly sufficient to uphold the sentence imposed. *See State v. Lovell*, 758 P.2d 909, 912–13 (Utah 1988) (affirming sentence where one of two aggravating circumstances relied on by trial court sufficed to support sentence imposed); *State v. Yoder*, 935 P.2d 534, 549 (Utah Ct. App.1997) (holding error in finding some aggravating factors harmless when remaining aggravating factors sufficed to support sentence imposed). Here, Defendant raped and sodomized his victim repeatedly over the course of a year, threatened to kill her if she reported his acts, and then perjured himself at trial. We conclude that these aggravating factors alone suffice to affirm the trial court's imposition of the maximum mandatory sentence.

### CONCLUSION

¶ 22 Because Defendant failed to provide this Court with a transcript of the Rule 23B hearing, we assume that sufficient evidence supports the trial court's findings. The trial court's findings show that Defendant's trial counsel did not fail to report improper juror contact to the court at Defendant's trial and did not fail to communicate a plea offer to Defendant. Additionally, Defendant's trial counsel could have had tactical reasons for not moving to strike the potentially biased juror. Accordingly, we hold that Defendant's trial counsel was not ineffective. Finally, the trial court did not abuse its discretion by imposing the maximum sentence allowed for rape of a child and sodomy on a child. We therefore affirm.

¶ 23 I CONCUR: PAMELA T. GREENWOOD, Presiding Judge.

¶ 24 I CONCUR, EXCEPT THAT AS TO SECTION IA, I CONCUR ONLY IN THE RESULT: GREGORY K. ORME, Judge.