2002 UT 7

Henry L. RUDOLPH, Plaintiff
and Appellant,

v.

Hank GALETKA, Warden, Utah State
Prison, Defendant and Appellee.

No. 20000218.

Supreme Court of Utah.

Jan. 18, 2002.

Sharon L. Preston, Salt Lake City, for plaintiff.

**PER CURIAM.**

¶ 1 Plaintiff Henry L. Rudolph appeals from the denial of his petition for post-conviction relief. We take jurisdiction over the appeal under sections 78–2–2(3)(j) and 78–2a–3(2)(f) of the Utah Code.

¶ 2 The State initially charged Rudolph with aggravated burglary, aggravated sexual assault, and violation of a protective order. His first trial, at which he appeared pro se with stand-by counsel, ended with convictions of aggravated burglary and violation of a protective order but acquittal of aggravated sexual assault. After Rudolph appealed, this court summarily reversed and remanded the case for a new trial because a malfunction in the recording equipment had destroyed the trial court record. Rudolph again represented himself at his second trial, which ended in a mistrial. After a third trial, at which he was represented by court-appointed counsel, Rudolph was again convicted of aggravated burglary and violation of a protective order. He appealed, and this court affirmed his convictions. *State v. Rudolph,* 970 P.2d 1221 (Utah 1998).

¶ 3 In this appeal from the denial of a subsequent petition for post-conviction relief, Rudolph raises four issues not previously raised on direct appeal: (1) Though not asserted at trial or on direct appeal, the issues he now raises warrant review because of unusual circumstances; (2) Utah's burglary statute, as interpreted by this court on direct appeal and as applied to Rudolph, is unconstitutionally vague because it fails to suffi-ciently identify or define a forbidden act; (3) Rudolph was denied the right to represent himself in violation of the Sixth Amendment of the U.S. Constitution; and (4) Rudolph was deprived of effective assistance of counsel at trial and on direct appeal.

**STANDARD OF REVIEW**

¶ 4 We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law. *Julian v. State,* 966 P.2d 249, 252 (Utah 1998).

**ANALYSIS**

¶ 5 A petition for post-conviction relief is a collateral attack on a conviction and sentence and is not a substitute for direct appellate review. *Carter v. Galetka,* 2001 UT 96, ¶ 6, 44 P.3d 626. Any issues that were not addressed on direct appeal but could have been raised may not be raised for the first time in a post-conviction relief proceeding absent unusual circumstances. This rule applies to all claims, including constitutional questions. *Julian,* 966 P.2d at 258.

¶ 6 Rudolph does not articulate any unusual circumstances other than noting that the errors committed below were obvious and involved the denial of substantial constitutional rights. His constitutional claims with respect to section 76–6–202(1), Utah's burglary statute, and self-representation are therefore procedurally barred, because he has not demonstrated an obvious injustice or a substantial and prejudicial denial of a constitutional right. *Carter,* 2001 UT 96 at ¶ 15 (citing *Hurst v. Cook,* 777 P.2d 1029, 1035 (Utah 1989)).

¶ 7 However, under Utah's Post–Conviction Relief Act, a petitioner may raise the issues he failed to raise on direct appeal through an allegation of ineffective assistance of counsel at trial and on appeal if he was represented by the same counsel during both phases of the criminal proceedings. Utah Code Ann. § 78–35a–104(1)(d) (1996). "When trial counsel represents [a] defendant on appeal an ineffective assistance claim cannot be raised because it is unreasonable to

expect [trial counsel] to raise the issue of [her] own ineffectiveness at trial on direct appeal." *State v. Labrum*, 881 P.2d 900, 907 (Utah Ct.App.1994) (internal quotations omitted); *Pascual v. Carver*, 876 P.2d 364, 366 n. 1 (Utah 1994); *Parsons v. Barnes*, 871 P.2d 516, 521 (Utah 1994). Given that this is the case here, we therefore reach the issue whether Rudolph's counsel was ineffective when she failed both at trial and on appeal to challenge Rudolph's right to represent himself at trial and to challenge the Utah burglary statute on vagueness grounds.

■ ¶ 8 With respect to the first issue, Rudolph has not provided this court with any evidence or transcripts from his third trial that would demonstrate his continued wish to represent himself:

> When a defendant predicates error to this court, he has the duty and responsibility of supporting such allegation by an adequate record. Absent that record, defendant's assignment of error stands as a unilateral allegation which the review court has no power to determine. This court simply cannot rule on a question which depends for its existence upon alleged facts unsupported by the record.

*State v. Wulffenstein*, 657 P.2d 289, 293, *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1982); *see also* Utah R.App. P. 11(e)(2).[1] The lower court concluded that appointed counsel represented Rudolph at trial without his protest, that he requested continued representation by the Legal Defenders' office during sentencing, and that he permitted the lawyer to represent him on appeal, even though he also filed pro se briefs which this court considered in affirming the conviction. *Rudolph*, 970 P.2d at 1225. Absent evidence to the contrary, we agree with the lower court that Rudolph's request for court-appointed counsel went beyond mere acquiescence and simple cooperation. He has therefore waived his right to claim that counsel was ineffective when she did not raise his right to self-representation

under the Sixth Amendment of the U.S. Constitution.

■ ¶ 9 With respect to the second issue, we conclude that the claim of ineffective assistance of counsel in failing to challenge the Utah burglary statute on vagueness grounds has also been waived. Rudolph could and should have raised that issue himself because he filed his own briefs on direct appeal. *Rudolph*, 970 P.2d at 1225.

■ ¶ 10 Even were we to reach the issue of ineffective assistance of counsel, Rudolph would still have to demonstrate (1) that his counsel's representation fell below an objective standard of reasonableness and (2) that her ineffective assistance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Rudolph has failed to establish substandard performance under the first prong of the *Strickland* test. Rudolph's counsel challenged the elements of the burglary statute only through claims of erroneous jury instructions. She may well have made the tactical decision not to pursue a constitutional challenge to the burglary statute because this court endows legislative enactments with a strong presumption of validity and does not declare them unconstitutional unless there is no real basis upon which they can be construed as conforming to constitutional requirements. *State v. DeBooy*, 2000 UT 32, ¶ 28, 996 P.2d 546 (citing cases); *see also State v. Krueger*, 1999 UT App 54, ¶ 21, 975 P.2d 489. Counsel's challenge to the jury instructions achieved the same result, and that trial strategy did not fall below an objective standard of reasonableness.

¶ 11 Having found no substandard performance on behalf of counsel, we need not reach the second prong of the *Strickland* test.

### CONCLUSION

¶ 12 We hold that Rudolph's request for court-appointed counsel continued through

---

1. (2) *Transcript required of all evidence regarding challenged finding or conclusion.* If the appellant intends to urge on appeal that a finding or conclusion is unsupported by or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant to such finding or conclusion. Neither the court nor the appellee is obligated to correct appellant's deficiencies in providing the relevant portions of the transcript.

his appeal as of right, and thus counsel was not ineffective in not raising the issue of self-representation. Likewise, counsel was not ineffective when she did not challenge the burglary statute on vagueness grounds. The denial of the petition for post-conviction relief is affirmed.