2004 UT App 57

**Andrew D. MOENCH, Plaintiff and Appellant,**

v.

**STATE of Utah, Defendant and Appellee.**

No. 20030382–CA.

Court of Appeals of Utah.

March 11, 2004.

354

Bruce A. Jacques, South Jordan, for Appellant.

Mark L. Shurtleff, atty. gen., and Christopher D. Ballard, asst. atty. gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS and ORME, JJ.

## OPINION

BILLINGS, Presiding Judge:

¶ 1 Defendant Andrew D. Moench appeals the trial court's denial of his petition for post-conviction relief that challenged his conviction for aggravated assault with a gang enhancement,[1] a second-degree felony. Moench argues that he (1) was improperly sentenced under the gang enhancement statute, (2) did not enter a voluntary and knowledgeable guilty plea, and (3) received ineffective assistance of counsel. We affirm.

## BACKGROUND

¶ 2 On October 31, 1998, Defendant, a "Straight Edge" gang member, together with several gang associates, was involved in a fight with another group of men including the victim, Bernardo Repreza. During the fight, Defendant and Jason Cunningham chased Repreza while Sean Darger yelled at the two to "get him." Cunningham struck Repreza with an expandable police baton causing Repreza to fall. Defendant then struck Repreza in the head with a club or a bat resulting in serious bodily injury. Subsequently, while Repreza lay unconscious from the beating, a fourth person, Collin Ressor, stabbed Repreza, causing his death.

¶ 3 Defendant originally was charged with murder, a first-degree felony, subject to a gang enhancement. However, the State, as part of plea bargain negotiations, offered to reduce the charge to aggravated assault, a second-degree felony, subject to a gang enhancement. In a separate paragraph, the second amended information stated that Defendant was subject to an enhanced penalty because the crime was committed in concert with two or more persons. The State also agreed that if the court sentenced Defendant to prison, the State would remain silent on a motion to reduce the degree of the offense to a third-degree felony.

¶ 4 On October 20, 1999, Defendant accepted the State's plea offer and pleaded guilty to committing an aggravated assault in concert with two or more persons. In particular, Defendant's plea affidavit set forth the elements of Defendant's crime as "[t]he actor commits an assault and intentionally causes serious bodily injury to another. He does so in concert with two or more people." Additionally, Defendant admitted to the following facts in his affidavit:

> My conduct, and the conduct of other persons for which I am criminally liable, that constitutes the elements of the crime charged are as follows: On October 31, 1998, in Salt Lake County, Utah, I intentionally struck Bernard[o] Repreza in the head with a club. According to Dr. Leis [, an assistant medical examiner for the State of Utah], this resulted in serious bodily injury. Immediately prior to my striking him, Jason Cunningham struck him with a baton. We had been urged to chase and "get him" by a third person.

Defendant also stated in his plea affidavit, "I know that if I wish to contest the charge against me, I need only plead 'not guilty' and the matter will be set for trial. At the trial the State of Utah will have the burden of proving each element of the charge beyond a reasonable doubt."

¶ 5 During the plea colloquy, Defendant's attorney stated that Defendant had read and understood the plea affidavit and that Defendant had signed it in his presence. When questioned by the court, Defendant indicated that he intended to plead guilty to the second amended information charging him with aggravated assault with a gang enhancement. Defendant stated that he was satisfied with the advice of his attorney. Defendant also

---

1. The gang enhancement statute, see Utah Code Ann. § 76-3-203.1 (2003), is more properly referred to as the "group criminal activity" statute. However, because Utah courts commonly refer to it as the "gang enhancement" statute, for purposes of consistency, we also refer to it as the gang enhancement statute.

admitted to the facts constituting the aggravated assault charge with a gang enhancement. Additionally, Defendant stated that he understood that by admitting and pleading to the charge, he was admitting to every element of the offense. Defendant further indicated that he understood that the penalty for the aggravated assault with the gang enhancement was six to fifteen years at the Utah State Prison. Defendant then pleaded guilty to the charge of second degree aggravated assault with a gang enhancement.

¶ 6 On December 15, 1999, Defendant was sentenced to six to fifteen years at the Utah State Prison. The Findings of Fact, Conclusions of Law, and Order were entered on February 15, 2000. Defendant timely filed a petition for post-conviction relief on February 15, 2001, pursuant to Utah Code Annotated sections 78–35a–101 to –304 (1996) and Utah Rule of Civil Procedure 65C. The trial court dismissed Defendant's petition as frivolous on its face. On appeal, we held the trial court erred when it found the petition frivolous on its face, and we reversed and remanded directing the State to file a response and for the court to hold, if necessary, an evidentiary hearing.

¶ 7 On December 4, 2002, the trial court ordered the State to respond to Defendant's petition, and on March 4, 2003, the trial court heard oral arguments. The trial court entered its Findings of Fact, Conclusions of Law, and Order denying Defendant's petition for post-conviction relief on March 31, 2003. Defendant appeals.

## ISSUES AND STANDARD OF REVIEW

■ ¶ 8 Defendant argues that the trial court erred by denying his petition for post-conviction relief because he had (1) been sentenced improperly under the gang enhancement statute without every element of the crime having been established beyond a reasonable doubt, (2) not entered a voluntary and knowledgeable guilty plea, and (3) received ineffective assistance of counsel. "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Rudolph v. Galetka*, 2002 UT 7, ¶ 4, 43 P.3d 467 (citing

*Julian v. State*, 966 P.2d 249, 252 (Utah 1998)).

## ANALYSIS

### I. Gang Enhancement Statute

■ ¶ 9 Defendant argues that the trial court erred by sentencing him under the gang enhancement statute without having established each element of the gang enhancement statute beyond a reasonable doubt either (1) at a trial where the State proved the criminal liability of the others involved in the incident, or (2) through guilty pleas to identical crimes by the others involved in the incident. We disagree.

¶ 10 The gang enhancement statute provides an increased penalty for certain crimes if committed "in concert with two or more persons." Utah Code Ann. § 76–3–203.1(1)(a) (1998). To be guilty of acting "in concert" under section 76–3–203.1(1)(a), the actors "must (i) have possessed a mental state sufficient to commit the same underlying offense and (ii) have directly committed the underlying offense or solicited, requested, commanded, encouraged, or intentionally aided one of the other two actors to engage in conduct constituting the underlying offense." *State v. Lopes*, 1999 UT 24, ¶ 8, 980 P.2d 191.

¶ 11 The Utah Supreme Court addressed the constitutionality of section 76–3–203.1(5)(c) in *State v. Lopes*. As originally drafted, the statute required "[t]he sentencing judge rather than the jury [to] decide whether to impose the enhanced penalty ... contingent upon a finding by the sentencing judge that this section is applicable." Utah Code Ann. § 76–3–203.1(5)(c) (Supp.1999). The supreme court stated that the gang enhancement statute "mandated imposition of an enhancement only upon proof of elements over and above those required for the crime of lesser consequence." *Lopes*, 1999 UT 24 at ¶ 15, 980 P.2d 191. The court reasoned that because the statute created a separate offense apart from the underlying offense, each element must be found beyond a reasonable doubt by a jury rather than the trial judge. *See id.* at ¶ 17. Thus, the court concluded that subsection (5)(c) violated

Lopes's right to a jury trial under article I, section 12 of the Utah Constitution. *See id.*

¶ 12 Defendant argues that the holding in *Lopes* prevents a defendant from pleading guilty to a gang enhancement without either (1) a trial where the State proves the criminal liability of the in-concert actors involved in the incident or (2) the actors pleading guilty to the identical crime. Defendant relies upon the following statement in *Lopes* to support this contention: "Even though Lopes pled guilty to the underlying offense, his plea did not establish the requisite mental state of the other actors, as is necessary to support imposition of the gang enhancement." *Id.* However, under the particular facts of *Lopes,* the defendant entered a conditional guilty plea to the gang enhancement, preserving his right to appeal the constitutionality of the statute. *See id.* at ¶ 3. The defendant in *Lopes* "never conceded that all the elements of the enhancement statute were satisfied, i.e., that the other individuals shared the requisite mental state for murder." *Id.* at ¶ 4 n. 3.

¶ 13 Unlike the defendant in *Lopes,* Defendant in this case entered an unconditional plea admitting that he had committed an aggravated assault "in concert with two or more people." Defendant admitted the elements of both the aggravated assault and the gang enhancement in his plea affidavit. In particular, Defendant admitted that he had committed an aggravated assault in concert with Cunningham, who had beat Repreza with an expandable police baton, and Darger, who had encouraged both Cunningham and Defendant to "get" Repreza.

¶ 14 Furthermore, the supreme court indicated in *Lopes* that defendants may plead guilty to a crime with a gang enhancement without a finding by a jury of the requisite elements. *Id.* at ¶ 22. In particular, the court stated in *Lopes* that "[s]ince the elements of the crime were not established against Lopes, *either by his plea or by a jury trial,* he was deprived of his due process rights as guaranteed by the federal and Utah constitutions." *Id.* (emphasis added).

¶ 15 Therefore, we hold that the trial court properly sentenced Defendant under the gang enhancement statute because Defendant admitted every element of both the underlying crime and the gang enhancement. Thus, we affirm Defendant's sentence under the gang enhancement statute.

## II. Validity of Defendant's Plea

¶ 16 Defendant contends the trial court erred in finding that Defendant's guilty plea was entered knowingly and voluntarily. Specifically, Defendant asserts that his guilty plea was invalid because the trial court did not comply strictly with rule 11 of the Utah Rules of Criminal Procedure when it failed to ascertain whether Defendant understood the nature and the elements of aggravated assault with a gang enhancement. Defendant further argues that his plea was insufficient to establish the factual basis for imposing the gang enhancement.

¶ 17 " 'The purpose of rule 11 is to ensure that a defendant knows of his or her rights and thereby understands the consequences of a decision to plead guilty.' " *State v. Mora,* 2003 UT App 117, ¶ 18, 69 P.3d 838 (quoting *State v. Martinez,* 2001 UT 12, ¶ 22, 26 P.3d 203). "The findings mandated by rule 11 'may be based on questioning of the defendant on the record or, if used, an affidavit reciting these factors after the court has established that the defendant has read, understood, and acknowledged the contents of the affidavit.' " *State v. Visser,* 2000 UT 88, ¶ 12, 22 P.3d 1242 (quoting Utah R.Crim. P. 11(e)(8)). While it is the responsibility of the trial judge to ensure that strict compliance with rule 11 is established, " 'strict compliance can be accomplished by multiple means so long as no requirement of the rule is omitted and so long as the record reflects that the requirement has been fulfilled.' " *State v. Penman,* 964 P.2d 1157, 1160 (Utah Ct.App.1998) (quoting *State v. Maguire,* 830 P.2d 216, 218 (Utah 1991)). However, in post-conviction relief cases, "a failure to comply with Utah's rule 11 in taking a guilty plea does not in itself amount to a violation of a defendant's rights under either the Utah or the United States Constitution." *Salazar v. Warden,* 852 P.2d 988, 992 (Utah 1993). To obtain post-conviction relief, Defendant

must show more than a violation of the prophylactic provisions of rule 11; he ... must show that the guilty plea was in fact not knowing and voluntary. Further, a court considering such a claim is not limited to the record of the plea hearing but may look at the surrounding facts and circumstances, including the information [Defendant] received from his ... attorney[ ] before entering the plea.

*Id.*

¶ 18 Defendant argues that the trial court erred by accepting his guilty plea without verifying that he understood the nature and elements of aggravated assault and the gang enhancement. Defendant claims that he did not understand the elements of his crime because the trial court never informed him during the plea colloquy that the gang enhancement could not be imposed unless the State had established accomplice liability. However, as addressed above, it is unnecessary for the State to prove beyond a reasonable doubt the guilt of the other participants; the gang enhancement may be imposed based solely on Defendant's guilty plea.

¶ 19 Moreover, the record demonstrates that Defendant understood he was pleading guilty to aggravated assault with a gang enhancement. In particular, Defendant's plea affidavit set forth the elements of Defendant's crime as "[t]he actor commits an assault and intentionally causes serious bodily injury to another. He does so in concert with two or more people." During the plea colloquy, Defendant's attorney indicated that he was confident that Defendant understood the contents of the plea affidavit. Upon questioning by the trial court, Defendant stated that he intended to plead guilty to the second amended information charging him with aggravated assault with a gang enhancement. Defendant admitted to facts constituting the elements of the aggravated assault with a gang enhancement in his plea affidavit and during the plea colloquy. Defendant also indicated he understood that the penalty for aggravated assault with a gang enhancement was six to fifteen years. Thus, we hold that the trial court properly concluded that Defendant's plea was knowingly and voluntarily entered.

## III. Ineffective Assistance of Counsel

¶ 20 Defendant argues that he received ineffective assistance of counsel because his attorney (1) persuaded him to enter a guilty plea when he knew or should have known that the State could not have proven its initial case of first-degree murder, and (2) allowed him to enter a guilty plea without a factual basis for the plea.

¶ 21 To demonstrate ineffective assistance of counsel, Defendant must establish " 'that his counsel rendered deficient performance which fell below an objective standard of reasonable professional judgment and that counsel's deficient performance prejudiced him.' " *State v. Simmons,* 2000 UT App 190, ¶ 4, 5 P.3d 1228 (quoting *State v. Maestas,* 1999 UT 32, ¶ 20, 984 P.2d 376); *see also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

To prevail on the first prong, [Defendant] must overcome a strong presumption that counsel rendered adequate assistance. [Defendant] must identify specific acts or omissions demonstrating that counsel's representation failed to meet an objective standard of reasonableness. We give counsel wide latitude to make tactical decisions and will not question such decisions unless we find no reasonable basis for them.

*Taylor v. Warden,* 905 P.2d 277, 282 (Utah 1995) (quotations and citations omitted). In evaluating this prong, a court must make every effort to "eliminate the distorting effects of hindsight" and "evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. "As to the second prong, [Defendant] must proffer evidence sufficient to support a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *Taylor,* 905 P.2d at 282 (quotations and citations omitted). Moreover, "[w]here a defendant challenges a guilty plea on grounds of ineffective assistance of counsel, he or she must show 'a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial.' " *Parsons v. Barnes,* 871 P.2d

516, 525 (Utah 1994) (alteration in original) (quoting *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)).

¶ 22 Defendant argues that his attorney's conduct fell below the objective standard of reasonable professional judgment and this allegedly deficient conduct prejudiced Defendant. Specifically, under Defendant's original charge of murder, Defendant asserts that the State could not have proven beyond a reasonable doubt that Defendant's conduct "created a grave risk to [Repreza] and thereby caused the death of [Repreza,]" or that he caused serious bodily injury to Repreza which caused his death. Utah Code Ann. § 76–5–203(b), (c) (1998). For this reason, Defendant concludes that a reasonably prudent attorney would have known that a jury could not have found Defendant guilty of murder because the evidence demonstrated that Defendant's blow to Repreza did not and would not have caused Repreza's death. Defendant further asserts that Darger's subsequent acquittal on the murder charge for the same incident demonstrates that Defendant likely also would have been acquitted of murder.

¶ 23 The State argues that although the evidence might have established that Defendant did not directly cause Repreza's death, Defendant could have been convicted as an accomplice to murder pursuant to Utah Code Annotated section 76–2–202 (1999). This statute provides that a person who possesses the requisite mental state and "solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense" may be convicted of the offense as an accomplice, even though that person did not directly commit the offense. *Id.* The State concludes that because the beating Defendant inflicted on Repreza rendered him unconscious, it provided Ressor the opportunity to stab and kill him. The State also asserts that the acquittal of Darger is a poor indicator for predicting what would have occurred had Defendant gone to trial because, as the trial court found, Darger was not as culpable as Defendant in that Darger never struck Repreza. The State further argues that comparing the outcome of Darger's trial with the hypothetical outcome of Defendant's trial is exactly the type of second-guessing hindsight prohibited by *Strickland. See* 466 U.S. at 689, 104 S.Ct. at 2065.

¶ 24 We agree with the State. Defendant has not demonstrated that his counsel's conduct fell below an objectively reasonable standard if we "eliminate the distorting effects of hindsight." *Id.* at 689, 104 S.Ct. at 2065. Defendant has failed to "overcome the presumption that under the circumstances, the challenged action 'might be considered sound ... strategy.' " *Id.* (citation omitted). Because Defendant has failed to establish the deficient-performance prong of the *Strickland* test, "counsel's assistance was constitutionally sufficient, and we need not address the other part of the test." *State v. Medina–Juarez,* 2001 UT 79, ¶ 14, 34 P.3d 187.

## CONCLUSION

¶ 25 We conclude that the trial court properly denied Defendant's petition for post-conviction relief because Defendant (1) was properly sentenced under the gang enhancement statute, (2) entered a voluntary and knowledgeable guilty plea, and (3) received effective assistance of counsel. Therefore, we affirm.

¶ 26 WE CONCUR: JAMES Z. DAVIS, Judge and GREGORY K. ORME, Judge.