STATE of Utah, Plaintiff and Appellee,

v.

Roger L. BRECHLIN, Defendant and Appellant.

No. 910376.

Supreme Court of Utah.

Jan. 12, 1993.

R. Paul Van Dam, David B. Thompson, Salt Lake City, for plaintiff and appellee.

Michael D. Murphy, Kaysville, for defendant and appellant.

PER CURIAM:

Defendant was convicted by a jury of aggravated sexual assault, a felony of the first degree, under Utah Code Ann. § 76–5–405. He was sentenced to serve fifteen years to life in the Utah State Prison. Affirmed.

Defendant's appellate counsel has submitted an *Anders*[1] brief explaining defendant's claims. Counsel also complied with *State v. Clayton*, 639 P.2d 168 (Utah 1981), by sending a copy of the brief to defendant so that he might raise any additional points he wishes. Defendant has not filed any further pleadings. Counsel's motion to withdraw is granted.

On March 9, 1991, the victim was accosted by defendant in the parking lot of a grocery store. The victim testified that defendant struck her in the face several times with his fist and pushed her into her automobile, where he forcibly fondled her breasts and genitals. The victim struggled, screamed, and hit the car's horn with her foot. Eventually she was able to escape, and she ran into the grocery store and asked the store employees to call the police.

On appeal, defendant presents the single issue that his trial counsel was so ineffective as to deprive defendant of his constitutional right to assistance of counsel. Defendant claims his trial counsel's representation fell below an objective standard of reasonableness. Defendant asked his counsel on appeal to argue that certain acts and omissions of trial counsel were outside professionally competent assistance.

In claiming ineffective assistance of counsel, defendant has the burden of demonstrating that counsel's representation fell below an objective standard of reasonableness. Defendant must also affirmatively show that a reasonable probability exists that but for counsel's errors, a more favorable result for the accused would have been obtained. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Lairby*, 699 P.2d 1187 (Utah 1984). A reasonable probability exists if the court's confidence in the verdict is undermined. *Lairby*, 699 P.2d at 1204–06.

Counsel states that defendant instructed him to argue, first, that trial counsel failed to produce evidence which would have cast doubt on the State's case. No medical records were presented at trial to substantiate the physical beatings the victim allegedly received or that defendant was at the scene of the crime. Defendant maintains that trial counsel failed to point out that the scars on defendant were two or three days old and there was no blood on the clothing

1. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

defendant wore that night. Defendant believes that if trial counsel had pointed these things out to the jury, he would have created reasonable doubt concerning defendant's guilt.

Defendant also complains that trial counsel failed to put on certain evidence suggested by defendant which he believes would have demonstrated that defendant was unable to attack the victim in the manner she alleged, given the confined space of the two-seater compact car in which the attack took place. Defendant's arguments are not persuasive, however, in view of the evidence presented at trial.

Defendant himself testified that he rarely drinks anything but beer because hard liquor makes him so drunk that on the following day, he cannot remember anything that happened. Nevertheless, defendant was celebrating on the day of the attack, and so he was drinking hard liquor. He drove to the grocery store because he ran out of cigarettes. He testified, "I remember pulling into the store just like looking through a fog." He said that he remembered being in a fight with a woman, but he did not remember striking her. He said that when he got home, his face hurt and his wife asked him where the scratches came from.

In view of this testimony, we are not persuaded that had trial counsel presented the evidence exactly as defendant now suggests, there is any reasonable probability that the outcome of the trial would have been more favorable to him. To phrase it differently, if error occurred at defendant's trial, he has failed to show that it was not harmless error, and our confidence in the correctness of the verdict is not undermined by any of his arguments.

The verdict is affirmed.

