2006 UT App 149

**William Jesse LOOSE, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20040400–CA.**

Court of Appeals of Utah.

April 13, 2006.

Jennifer Gowans and Randall K. Spencer, Fillmore Spencer LLC, Provo, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Christopher D. Ballard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BENCH, P.J., GREENWOOD, Associate P.J., and THORNE, Jr., J.

## OPINION

GREENWOOD, Associate Presiding Judge:

¶ 1 Petitioner William Jesse Loose (Loose) appeals from a summary judgment rejecting all grounds asserted in his Petition for Writ of Habeas Corpus and Post–Conviction Relief (Petition) and denying the Petition. We affirm.

## BACKGROUND

¶ 2 In August 1996, after noticing that J.J. exhibited troubling behaviors, J.J.'s mother, Carol Correna Loose (Corey), took J.J. to see a social worker, Joe Tabish. Corey told Ta-

bish that J.J.'s biological father had sexually abused J.J. in the past.[1] During their first session, Tabish asked J.J. about sexual abuse by her biological father. Tabish then asked J.J. if she had suffered abuse by anyone other than her biological father, and J.J. disclosed that her stepfather, Loose, had sexually abused her. Tabish told Corey about the abuse by Loose, and Corey and her children moved out of the house they shared with Loose.

¶ 3 Subsequently, Loose was charged with two counts of sodomy on a child, two counts of sexual abuse of a child, and one count of aggravated sexual abuse of a child. In a pretrial motion, the State argued that Tabish should be allowed to testify about J.J.'s disclosure under Utah Code section 76–5–411. See Utah Code Ann. § 76–5–411 (2003). The trial court permitted Tabish's testimony, not as an exception to the hearsay rule under section 76–5–411, but rather as non-hearsay.

¶ 4 At trial, the State called J.J., who testified that Loose had sexually abused her. During cross-examination of J.J., Loose introduced a letter that J.J. had written prior to trial in which she described the sexual abuse by Loose. The State also called Tabish to testify about his first session with J.J. when she had disclosed Loose's sexual abuse. In relevant part, Tabish testified:

> Prosecutor: Did you ask [J.J.] if she had been abused by anyone?
>
> Tabish: Yes, I did. I asked her.
>
> Prosecutor: Is that a standard question that you ask kids in interviews on this context?
>
> Tabish: Yes, it is standard. Once we know there has been a history of sexual abuse, it is not uncommon, there has [sic] been other perpetrators or other traumas of sexual nature. At least, we like to rule out if there is [sic] others so before you give a clinical kind of diagnosis or treatment direction you want to know specifically what you are dealing with.

¶ 5 The jury convicted Loose of two counts of sodomy on a child and two counts of sexual abuse of a child. Subsequently, Loose re-

tained new counsel and filed a motion for new trial, claiming trial error. He later filed an amended motion for new trial following his new counsel's discovery of a letter J.J. had written to a friend in which she claimed to have lied at trial. The trial court held an evidentiary hearing and determined that the newly discovered evidence would not have changed the outcome of the trial. Accordingly, the trial court denied the motion.

¶ 6 Loose appealed on several grounds. See State v. Loose, 2000 UT 11, ¶ 8, 994 P.2d 1237 (affirming Loose's convictions). Loose's appellate counsel argued that Tabish's testimony was inadmissible hearsay under section 76–5–411. See id. at ¶ 9. The supreme court rejected this contention, noting that the trial court had properly admitted the testimony as non-hearsay. See id. at ¶ 10.

¶ 7 Appellate counsel also argued that the trial court erred by refusing to admit testimony from Loose's witness, a family friend who would testify about Corey and Loose's failing marriage. See id. at ¶ 14. The supreme court affirmed the trial court's decision on the basis that the witness's testimony was rambling, unresponsive, and was hearsay. See id. at ¶ 15. Finally, the supreme court affirmed the trial court's denial of the motion for new trial based on the newly discovered letter in which J.J. recanted her testimony. See id. at ¶ 16.

¶ 8 Loose again retained new counsel, who filed the Petition at issue in this case. Loose claimed he had discovered new evidence that J.J. had told her aunt, Vicki Gines (Gines), that she had lied at trial and that her mother, Corey, had coerced her to lie. The post-conviction court granted the State's motion for summary judgment and denied Loose's amended Petition, except for the claims of newly discovered evidence. After an evidentiary hearing, the trial court denied the remaining claims.

## ISSUES AND STANDARDS OF REVIEW

■ ¶ 9 Loose alleges that the post-conviction court erred when it (1) barred him from raising claims he could have raised on

1. A more complete background is reported at State v. Loose, 2000 UT 11, 994 P.2d 1237. That

opinion referred to J.J.'s mother as "Corey," as do we in this opinion.

appeal, (2) denied his claim for ineffective assistance of appellate counsel, and (3) determined that the newly discovered evidence did not satisfy the Post–Conviction Remedies Act (the PCRA). *See* Utah Code Ann. §§ 78–35a–101 to –304 (2002 & Supp.2005). " 'We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law.' " *Myers v. State*, 2004 UT 31, ¶ 9, 94 P.3d 211 (quoting *Rudolph v. Galetka*, 2002 UT 7, ¶ 4, 43 P.3d 467). "Further, 'we survey the record in the light most favorable to the findings and judgment; and we will not reverse if there is a reasonable basis therein to support the trial court's refusal to be convinced that the writ should be granted.' " *Id.* (quoting *Medina v. Cook*, 779 P.2d 658, 658 (Utah 1989)).

## ANALYSIS

### I. Whether Claims Could Have Been Raised on Direct Appeal

¶ 10 Loose argues that the post-conviction court erroneously barred him from raising the claims he raised on direct appeal. *See* Utah Code Ann. § 78–35a–106(1)(b) (2002) ("A person is not eligible for relief under [the PCRA] upon any ground that was raised or addressed at trial or on appeal"). Loose claims that the trial court erred in admitting Tabish's testimony about J.J.'s disclosure, and that his trial counsel was ineffective.

### A. Tabish's Testimony

■ ¶ 11 On direct appeal, Loose's counsel argued that the trial court erred by admitting Tabish's testimony, which recounted J.J.'s disclosure, as an exception to the hearsay rule under section 76–5–411. *See Loose*, 2000 UT 11 at ¶ 9, 994 P.2d 1237. However, the trial court admitted Tabish's testimony as non-hearsay, offered "not to prove the truth of the matter asserted therein, but to provide a framework." *Id.* at ¶ 4. The supreme court noted appellate counsel's mistaken description of the trial court's basis for admitting the testimony.[2] *See id.* at ¶ 10.

¶ 12 Loose asserted in his Petition that the trial court erroneously admitted Tabish's testimony as "a framework." Specifically, Loose contended that no rule of evidence permits out-of-court statements to be admitted as non-hearsay merely because they provide a framework and that his appellate counsel should have argued on this ground instead of on the ground that it was not an exception to the hearsay rule. Loose maintains that because his appellate counsel failed to properly frame his argument about Tabish's testimony, he was not accorded a full and fair adjudication of his rights under the PCRA.

■ ¶ 13 Although we agree that Loose is procedurally barred from raising this ground, we conclude that he is barred under Utah Code section 78–35a–106(1)(c), rather than under Utah Code section 78–35a–106(1)(b), because Loose's appellate counsel could have, but did not, raise the ground Loose now claims in his Petition. *See* Utah Code Ann. § 78–35a–106(1)(c) ("A person is not eligible for relief under this chapter upon any ground that could have been but was not raised at trial or on appeal"); *Id.* § 78–35a–106(1)(b). Indeed, "a petition for post-conviction relief 'is a collateral attack of a conviction and/or sentence and is not a substitute for direct appellate review.' " *Myers*, 2004 UT 31 at ¶ 11, 94 P.3d 211 (additional citation omitted) (quoting *Carter v. Galetka*, 2001 UT 96, ¶ 6, 44 P.3d 626).

### B. Ineffectiveness of Trial Counsel

■ ¶ 14 Loose also claims that trial counsel rendered ineffective assistance by (1) failing to object to Tabish's testimony about the likelihood of a child being abused by a second perpetrator and (2) failing to present evidence of Loose and Corey's failing marriage.

¶ 15 Loose argues that he should not be barred from raising the claim for ineffective assistance of trial counsel in his Petition even though he could have but did not raise it on appeal. However, as with the issue of

---

**2.** "We agree with the trial court that Tabish's testimony was not admitted based on an exception to the hearsay rule contained in 76–5–411 of the Code. Rather, the statements offered by Ta-bish were not hearsay because they were not offered for the truth of the matter asserted." *Loose*, 2000 UT 11 at ¶ 10, 994 P.2d 1237.

grounds for admission of Tabish's testimony, Loose may not assert the ineffectiveness of trial counsel in his Petition because he could have raised this issue on direct appeal. *See* Utah Code Ann. § 78–35a–106(1)(c).

## II. Whether Appellate Counsel Rendered Ineffective Assistance

¶ 16 Loose appeals the post-conviction court's denial of his claim that appellate counsel rendered ineffective assistance by failing to (1) properly assert error in the admission of Tabish's testimony about J.J.'s disclosure; (2) raise an ineffective assistance of trial counsel claim; and (3) properly investigate and introduce Gines's testimony. He appeals under Utah Code sections 78–35a–102(1), –104(1)(d), and –106(2); and rule 65C of the Utah Rules of Civil Procedure, which governs the PCRA. *See id.* §§ 78–35a–102(1) (2002), –104(1)(d) (2002), –106(2).[3]

¶ 17 We evaluate the claims in turn by analyzing Loose's ability to demonstrate " '(1) that counsel's performance was so deficient as to fall below an objective standard of reasonableness and (2) that but for counsel's deficient performance there is a reasonable probability that the outcome of the trial would have been different.' " *Myers,* 2004 UT 31 at ¶ 20, 94 P.3d 211 (additional quotations and citation omitted) (quoting *Wickham v. Galetka,* 2002 UT 72, ¶ 19, 61 P.3d 978).

### A. Objection to Tabish's Testimony

■ ¶ 18 Loose alleges that the post-conviction court erroneously rejected his claim

of ineffective assistance of appellate counsel because of his failure to properly identify the basis for the trial court's admission of Tabish's testimony. Even though the post-conviction court agreed that appellate counsel was deficient, it denied Loose's ineffective assistance claim because Loose did not show that he was prejudiced as a result.

¶ 19 Loose argues that if appellate counsel had properly presented the argument, he would have prevailed in his direct appeal. He claims that he was prejudiced because the jury heard Tabish's testimony recounting J.J.'s statements about Loose's sexual abuse of her. Furthermore, he contends that the outcome of the trial hinged on this testimony because it was the only evidence against him and because it bolstered J.J.'s credibility.

■ ¶ 20 The Utah Supreme Court considered the admitted testimony harmless. *See State v. Loose,* 2000 UT 11, ¶ 10 n. 1, 994 P.2d 1237 ("Even if the dissent were correct in [the assertion that it was hearsay], it would not result in a reversal because the admission of the evidence was harmless.").[4] The court expressed confidence in the outcome regardless of Tabish's testimony because other evidence led to the guilty verdict, including J.J.'s letter describing the abuse and Tabish's expert testimony about J.J.'s behavior. *See id.* The court compared the facts of this case to *State v. Seale,* 853 P.2d 862, 875 (Utah 1993), in which the court affirmed the conviction with even less corroborating evidence. *See Loose,* 2000 UT 11 at ¶ 10 n. 1, 994 P.2d 1237.[5]

3. "The PCRA establishes a substantive legal remedy for an individual whose conviction was infirm for any of a number of reasons, including the ineffectiveness of the individual's counsel." *Adams v. State,* 2005 UT 62, ¶ 10, 123 P.3d 400 (internal quotations omitted) (quoting Utah Code Ann. §§ 78–35a–102(1) (2002), –104(1)(a)–(e) (2002)). Under Utah Code section 78–35a–104(1)(d), if Loose demonstrates ineffective assistance of counsel, he may file a petition for post-conviction relief. *See id.* § 78–35a–104(1)(d). In addition, Utah Code section 78–35a–106(2) states, in pertinent part: "[A] person may be eligible for relief on a basis that the ground could have been but was not raised at trial or on appeal, if the failure to raise that ground was due to ineffective assistance of counsel." *Id.* § 78–35a–106(2) (2002).

4. "An error is harmless when it is 'sufficiently inconsequential that we conclude there is no reasonable likelihood that the error affected the outcome of the proceedings.' " *Loose,* 2000 UT 11 at ¶ 10 n. 1, 994 P.2d 1237 (additional quotations and citation omitted) (quoting *State v. Hamilton,* 827 P.2d 232, 240 (Utah 1992)).

5. We add that Tabish's testimony did not directly address J.J.'s truthfulness or veracity. Rather, the testimony recounted J.J.'s disclosure. Loose argues that where credibility dictates the outcome of the case, "improperly admitted testimony that bolsters the credibility of the victim is prejudicial to the defendant as a matter of law." Loose cites the factually similar case of *State v. Stefaniak,* 900 P.2d 1094 (Utah Ct.App.1995), to support the proposition. *See id.* at 1095–96 (holding witness's testimony that addressed vic-

¶ 21 As a result, the post-conviction court did not err in concluding Loose was not prejudiced by appellate counsel's failure to properly state the basis for objecting to Tabish's testimony. Because Loose failed to establish the second prong of the ineffective assistance analysis, we affirm the post-conviction court's decision to bar him from bringing a claim for ineffective assistance of appellate counsel under the PCRA. *See Carter v. Galetka,* 2001 UT 96, ¶ 31, 44 P.3d 626 (holding that both prongs of ineffective assistance test must be satisfied); *see also* Utah Code Ann. § 78–35a–104(1)(d).

### B. Trial Counsel

¶ 22 Loose also claims appellate counsel was ineffective in failing to argue on direct appeal that trial counsel was ineffective by (1) failing to object to Tabish's testimony about the likelihood of a child being abused by a second perpetrator and (2) failing to present a witness who would testify about Loose and Corey's failing marriage.

¶ 23 To prove ineffectiveness of appellate counsel, Loose must demonstrate that appellate counsel's performance was so deficient that it fell below an objective standard of reasonableness when he failed to raise a claim of ineffective assistance of trial counsel and that it prejudiced the outcome. *See Myers v. State,* 2004 UT 31, ¶ 20, 94 P.3d 211.

¶ 24 To show that appellate counsel performed deficiently, Loose must first demonstrate that trial counsel rendered ineffective assistance; [6] in particular, that trial counsel's performance fell below an objective standard of reasonableness and that it prejudiced the outcome.[7]

#### i. Tabish's Testimony About Likelihood of Abuse

¶ 25 Loose maintains that his appellate counsel failed to argue that Loose's trial counsel should have objected to Tabish's testimony about the likelihood of children being abused by a second perpetrator on the basis that the testimony was unreliable and that under Utah Rule of Evidence 403, the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. He also maintains that the evidence bolstered J.J.'s credibility and that without this evidence the result at trial would likely have been different.

¶ 26 We conclude that Loose failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness, or even if it did, that it prejudiced Loose.

¶ 27 At trial, Tabish's testimony recounted his and J.J.'s conversation at their first session. He asked her about her biological fa-

---

tim's credibility inadmissible under Utah Rule of Evidence 608(a)). However, unlike this case, in *Stefaniak,* the contested testimony directly related to the victim's credibility, and the case turned on the victim's credibility. *See id.* (noting that witness testified that the victim "volunteered information readily" and "seemed to be quite candid" during their interview).

6. Loose raised a claim of ineffectiveness of trial counsel on the same two grounds. For ineffectiveness of either trial or appellate counsel, Loose must show how trial counsel performed deficiently and how this affected the outcome of the trial. *See Adams v. State,* 2005 UT 62, ¶ 25, 123 P.3d 400. Although Loose was barred from raising the claim for ineffective assistance of trial counsel in his Petition under Utah Code section 78–35a–106(1)(c), he raises the same argument in his ineffective assistance of *appellate* counsel claim. *See* Utah Code Ann. § 78–35a–106(1)(c). Consequently, Loose is not denied full and fair adjudication of his rights because he can attempt to show that appellate counsel rendered ineffective assistance under sections 78–35a–104(1)(d)

and 78–35a–106(2). *See id.* §§ 78–35a–104(1)(d), –106(2).

7. The supreme court interpreted section 78–35a–104(1)(d) to permit "a petitioner [to] raise the issues he failed to raise on direct appeal through an allegation of ineffective assistance of counsel at trial and on appeal [only] if he was represented by the same counsel during both phases of the criminal proceedings." *Rudolph v. Galetka,* 2002 UT 7, ¶ 7, 43 P.3d 467; *see also* Utah Code Ann. § 78–35a–104(1)(d). Conversely, in *Adams,* where trial counsel failed to raise a voluntary intoxication defense, and newly retained appellate counsel failed to raise an ineffective assistance of trial counsel claim on the same ground, the supreme court interpreted section 78–35a–104(d)(1) to allow a petitioner a remedy because it would otherwise "place the burden of discovering viable defenses on clients rather than their attorneys, defeating the operation of the interests of justice." *Adams,* 2005 UT 62 at ¶ 25 n. 6, 123 P.3d 400; *see also* Utah Code Ann. § 78–35a–104(d)(1).

ther's abuse because it was a standard question when there was a history of abuse.

¶ 28 Tabish did not testify that "because [J.J.] had been sexually abused by her biological father, it was likely that she had also been sexually abused by other perpetrators," as Loose contends. In his testimony, Tabish did not draw a conclusion that J.J. was abused by Loose because earlier she had been abused by her biological father. Instead, he merely testified that it was not uncommon in sexual abuse cases involving children for them to have been previously abused.

¶ 29 Because Tabish did not draw a conclusion in his testimony as to whether J.J. had been abused by Loose, the testimony merely sheds light on the topic of sexual abuse of children, and thus is relevant. Therefore, trial counsel's performance did not fall below an objective standard of reasonableness.

¶ 30 Furthermore, even if trial counsel was deficient for failing to object to the evidence, the evidence did not prejudice Loose because it did not involve J.J.'s credibility. This case did not turn on J.J.'s credibility. *State v. Loose*, 2000 UT 11,¶ 10 n. 1, 994 P.2d 1237 (stating "other evidence ... was convincing on the question of guilt").

### ii. Witness Testimony

■ ¶ 31 Loose also claims appellate counsel was ineffective by failing to argue that trial counsel's performance was ineffective because he failed to present a witness to testify about Corey and Loose's failing marriage under either rule 404(b) or as a prior inconsistent statement.[8] Loose maintains that this evidence was critical to show Corey's "motive, opportunity, intent, plan, and the capacity to manipulate [J.J.] to make the false allegations." The post-conviction court held that this testimony would have been cumulative because the jury had already heard evidence of their troubled marriage. Additionally, the supreme court ruled that

the testimony was properly excluded for being unresponsive, rambling, and hearsay. *See id.* at ¶ 15. Moreover, even if trial counsel succeeded in having the evidence admitted, it is unlikely that the outcome would have changed. Again, this case did not hinge on either Corey's or J.J.'s credibility.

¶ 32 Thus, because Loose cannot show that trial counsel rendered ineffective assistance, he also cannot show that appellate counsel performed deficiently by failing to raise a claim of ineffective assistance of trial counsel. As a result, his ineffective assistance of appellate counsel claim fails under the PCRA. *See* Utah Code Ann. § 78–35a–104(1)(d); *see also Rudolph v. Galetka*, 2002 UT 7,¶ 11, 43 P.3d 467 (holding that the prejudice prong of the ineffective assistance test need not be reached where deficient performance is not found).

### C. Discovery and Presentation of Evidence

■ ¶ 33 Loose asserts that appellate counsel rendered ineffective assistance when appellate counsel failed to discover and present evidence in the motion for new trial that J.J. had told her aunt, Gines, that she had lied at trial, and that her mother had coerced her to lie.

¶ 34 After an evidentiary hearing, the post-conviction court concluded that Loose had not shown prejudice, and thus had not established ineffectiveness of appellate counsel. *See State v. Hay*, 859 P.2d 1, 5 (Utah 1993) ("[I]f it is easier to dispose of the [ineffectiveness of counsel] claim due to lack of sufficient prejudice, then that course should be followed."). Loose asserts that he was prejudiced because the testimony was critical in showing that J.J. had recanted her trial testimony and had a tendency to lie. In contrast, the post-conviction court held that other evidence of J.J.'s credibility would offset any possible prejudice from Gines's testimony. The court also noted that Gines's testimony was merely cumulative and that her credibility was questionable because of her hostility

---

8. On direct appeal, Loose's appellate counsel raised a similar argument that the trial court erred by denying Loose's motion for new trial, in which Loose argued that the trial court erroneously excluded witness testimony regarding the state of Loose and Corey's marriage. *See Loose,* 2000 UT 11 at ¶ 14, 994 P.2d 1237. The supreme court held that the trial court correctly denied the motion for new trial because it had properly sustained the State's objections to the testimony on the basis that it was rambling, unresponsive, and was hearsay. *See id.* at ¶ 15.

toward Corey. The post-conviction court concluded that there was no reasonable probability that the trial court would have granted Loose a new trial if it had heard Gines's testimony.

¶ 35 Loose also alleges that he was denied a fair trial because he was not permitted to present this newly discovered evidence. He maintains that the PCRA provision relating to ineffective assistance of appellate counsel does not justify precluding his claims under the PCRA. We find no merit in this argument. The PCRA allows him to file a petition for post-conviction relief if he demonstrates ineffective assistance of counsel. *See* Utah Code Ann. §§ 78–35a–102(1), – 104(1)(d). Therefore, he is not deprived of the right to petition for post-conviction relief and he is not deprived of due process.

## III. Whether Newly Discovered Evidence Meets PCRA's Requirements

¶ 36 Finally, Loose alleges that the post-conviction court erred when it found that his newly discovered evidence of Gines's testimony did not satisfy the PCRA's requirements.

¶ 37 After an evidentiary hearing, the post-conviction court concluded that Loose failed to satisfy section 78–35a–104(1)(e) on any one of four independent grounds.[9] First, appellate counsel could have but did not discover the evidence through the exercise of reasonable diligence.[10] *See id.* § 78–35a–

104(1)(e)(i). Second, the evidence was cumulative because it merely restated J.J.'s recantation letter in which she claimed to have lied at trial. *See id.* § 78–35a–104(1)(e)(ii). Third, the evidence merely impeached J.J.'s testimony at trial. *See id.* § 78–35a–104(1)(e)(iv).

¶ 38 Finally, a reasonable trier of fact who considered the new evidence, "viewed with all the other evidence," could still find Loose guilty. *Id.* § 78–35a–104(1)(e)(iv).[11] The Utah Supreme Court determined that if a jury were to consider all of the evidence, including J.J.'s recantation letter, it would find that her testimony at trial and at the hearing for the motion for new trial was more credible than her recantation letter. *See State v. Loose*, 2000 UT 11,¶ 18, 994 P.2d 1237. Similarly, the post-conviction court held an evidentiary hearing and determined that J.J.'s trial testimony was more believable than whatever she had allegedly told Gines.

## CONCLUSION

¶ 39 In sum, Loose received full constitutional consideration under the PCRA on each of his claims. We conclude that Loose's claims were either procedurally barred because he could have raised them on direct appeal, or without merit because he was unable to show that appellate counsel rendered ineffective assistance. We also conclude that the newly discovered evidence does not enti-

---

9. Utah Code section 78–35a–104(1)(e) states, in relevant part:

> A person who has been convicted and sentenced for a criminal offense may file an action . . . for post-conviction relief . . . upon the following grounds:
> (e) newly discovered material evidence exists that requires the court to vacate the conviction or sentence, because:
> (i) neither the petitioner nor petitioner's counsel knew of the evidence at the time of trial or sentencing or in time to include the evidence in any previously filed post-trial motion or post-conviction proceeding, and the evidence could not have been discovered through the existence of reasonable diligence;
> (ii) the material evidence is not merely cumulative of evidence that was known;
> (iii) the material evidence is not merely impeachment evidence; and
> (iv) viewed with all the other evidence, the newly discovered material evidence demon-

strates that no reasonable trier of fact could have found the petitioner guilty of the offense or subject to the sentence received.
> *Id.* § 78–35a–104(1)(e).

10. We find Loose's argument particularly unpersuasive because he acknowledged his appellate counsel's deficiency in failing to discover with reasonable diligence J.J.'s alleged statements to Gines. *See* Utah Code Ann. § 78–35a–104(1)(e)(i).

11. Loose also alleges that Utah Code section 78–35a–104(e) unconstitutionally precludes a post-conviction court from reviewing newly discovered evidence with a wide range of discretion because it must be "virtually irrefutable." *See id.* § 78–35a–104(e). Yet, viewed with all of the other evidence, it does not need to be "virtually irrefutable." Regardless, even if J.J. told Gines that she had lied at trial, the jury would likely find her other testimony was more credible.

tle him to post-conviction relief. Accordingly, the post-conviction court did not err in denying Loose's Petition.

¶ 40 WE CONCUR: RUSSELL W. BENCH, Presiding Judge, and WILLIAM A. THORNE JR., Judge.